## GUTZMAN v. CITY OF FT. WORTH.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1913. Rehearing Denied March 29, 1913.)

1. APPEAL AND ERROR (§ 1031*)—RECEPTION OF EVIDENCE—INSTRUCTIONS—CURING ERROR.

Where evidence erroneously admitted was later excluded by an instruction that the jury should not consider it for any purpose, it would be presumed that the error was cured, in absence of anything to show that the instruction was not followed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

2. TRIAL (§ 133*)—MISCONDUCT OF COUNSEL —CURING ERROR—INSTRUCTIONS.

Where, in an action against a city for injuries by reason of an alleged defective street, the city's attorney stated in argument that if damages were allowed in such case improvements by the city would have to cease, but the court directed the jury not to consider the statement, any error therein would be presumed to have been cured.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

3. MUNICIPAL CORPORATIONS (§ 822*) — INSTRUCTIONS—FORM.

In an action for injuries caused by a defective city street, an instruction that plaintiff could not recover if the street was reasonably safe for travel, or if the city exercised ordinary care to maintain it in a safe condition, was not

defective as a double charge in favor of the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1758–1762; Dec. Dig. § 822.*]

4. WITNESSES (§ 388*)—IMPEACHMENT—PRELIMINARY EVIDENCE.

Where a material witness for plaintiff testified to an alleged defect in a street, by which plaintiff claimed she was injured, and to his having repaired the same, but no foundation was laid for his impeachment, it was error for the court, after he had been excused from further attendance and had left the courthouse, to permit defendant to prove that the witness had declared that the work on the street, claimed to have been defective, was good.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1233–1242, 1246; Dec. Dig. § 388.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by J. M. Gutzman against the City of Ft. Worth. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. W. H. Slay and A. B. Curtis, both of Ft. Worth, for appellee.

DUNKLIN, J. A ditch, which had been excavated across one of the streets of the city of Ft. Worth for the purpose of laying a sewer pipe, was filled in such a manner as to leave an embankment of dirt elevated above the level of the street approaching the embankment from either direction. In passing along the street at night an automobile in which Mrs. J. M. Gutzman was riding, and which was driven by her father, C. W. Forbes, sustained such a jar and jolt as the result of running over the embankment as to cause Mrs. Gutzman to be thrown against the top of the machine and to sustain personal injuries from the blow thus inflicted. J. M. Gutzman, her husband, instituted this suit against the city to recover damages for those injuries, and from a judgment in favor of the city plaintiff has appealed.

The facts recited above were alleged in plaintiff's petition, and a charge of negligence on the part of the city in placing and leaving the embankment across the street was alleged as a basis for a recovery.

F. J. Artz, who resided near the location of the embankment, heard the noise occasioned by the accident and immediately went to the aid of the occupants of the car. Upon the trial he was a material witness for the plaintiff, testifying that the embankment, which defendant's employés had left across the street when they filled the ditch, was 15 inches in height and very abrupt; so high that in passing over it with his automobile the dustpan of the machine would strike the embankment. He further testified that early in the morning next succeeding the night of the accident he partially cut down the embankment by the use of a pick and shovel. Several witnesses for the defendant contra-

---

dicted the testimony of Artz, their estimates of the extreme height of the embankment ranging from 4 to 8 inches, and all of them testifying that it sloped gradually in either direction, and was some 12 or 15 feet in width; but some of these witnesses did not see it until after the time Artz said he partially reduced its height with pick and shovel. C. W. Forbes, who was driving the car, examined the embankment immediately after the accident. Without measuring it and merely from his observation of it on the night of the accident, he gave an estimate of its height and the manner of its construction substantially the same as that given by Artz.

Over plaintiff's objection, George B. Hollant, one of defendant's employés who assisted in the work of excavating and filling the ditch across the street, and who qualified as an expert in the proper manner of doing such work, testified that when work of that character was done it was best to fill the ditch to a height above the level of the street, with a gradual slope on either side, and let it settle to a level with the street later. The objection urged was that the opinion given by the witness was upon a mixed question of law and fact involving the issue of negligence, the determination of which was the province of the jury exclusively. Appellee insists that this testimony should be construed as but the expression of an opinion that the work was done according to the most approved methods, and that so interpreted it was competent to rebut the charge that defendant was guilty of negligence in doing it in that manner. We are not prepared to concur in this contention, but a determination of that question is unnecessary, as the judgment will be reversed on another assignment, and if appellee's contention be correct all doubt can be removed by a proper interrogation of the witness on another trial.

[1] Frank B. Walker and George Hollant testified to expression of ill will by Artz toward J. H. Maddox, street commissioner, and Mr. Trammell, city engineer, of the defendant city. Plaintiff objected to this testimony, on the ground that it was immaterial and irrelevent to any issue in the case and improper for the purpose of impeaching the witness Artz. The objection was overruled, but later in his charge to the jury the court excluded it by an instruction to the jury not to consider it for any purpose, and there is nothing in the record to suggest that the instruction was not followed.

[2] The argument to the jury by counsel for the city, that if damages were allowed in cases like this public improvements by the city would have to cease, was excepted to as improper and prejudicial to the plaintiff. We think any harm to plaintiff resulting from this argument was eliminated by the trial judge's instruction to the jury not to

consider it, and as the judgment is to be reversed on another assignment of error, as already noted, and as it is not likely that the same argument will be used on another trial, it is unnecessary for us to determine whether or not the argument was improper.

[3] In the charge given the jury were instructed that if the street was reasonably safe for travel, or if the city exercised ordinary care to maintain it in a safe condition, the defendant will not be liable. This was not a double charge in favor of the city, as insisted by appellant. If the street was reasonably safe for travel, that would be the end of plaintiff's case, and, even though unsafe, still defendant would not be liable if it exercised ordinary care to make and keep it in a condition safe for travel, as defendant was not an insurer of its safety. That portion of the charge presenting the case as made by plaintiff's petition, and instructing a verdict for plaintiff if they found the facts to be as there pleaded, concludes with the language, "unless you find for the defendant under other instructions herein."

The only defense submitted was that the street was in a reasonably safe condition for travel, but that if it was not in such condition for travel, yet defendant was guilty of no negligence in failing to obviate the defect. Appellant insists that, as the defense thus submitted consisted merely of the converse of the cause of action pleaded by him, that portion of the charge quoted was misleading and prejudicial to the plaintiff. While the language of the charge quoted above, under the circumstances stated, was inapt, still it is not probable that the jury were misled to believe that there were any defenses other than those submitted in subsequent portions of the charge. Nor was the charge on the burden of proof erroneous, when read in connection with the other instructions given.

[4] W. J. Mayfield, witness for the defendant, testified that just after the ditch in question was filled F. J. Artz passed over the embankment with his automobile, and in answer to Mayfield's question what he (Artz) thought of the character of the work stated, "That is good." When this testimony was introduced, Artz had given his testimony, had been excused from further attendance upon the court, and had left the courthouse. While on the stand, he was not asked whether or not he had made the statement to Mayfield just referred to. Plaintiff moved to exclude the testimony of Mayfield, relative to this statement, because no predicate had been laid therefor, but this motion was overruled. In this ruling we think there was error. The rule that a predicate must be laid for impeaching testimony of this character, when the witness sought to be impeached is not a party to the suit, is too well settled to require the citation of authorities. As shown already, Artz was a very material witness

for plaintiff. Furthermore, he was neither related to plaintiff, nor interested in the suit; and with no denial by him of the alleged statement testified to by Mayfield, it is quite probable that the jury discredited his testimony of the defective condition of the street. Hence, for the error in failing to exclude the testimony of Mayfield referred to, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.